IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Grace Richter, | : | Case No. 5:14CV52 |
| Plaintiff, | : | |
| v. | : | |
| Commissioner of Social Security | : | **MEMORANDUM AND ORDER** |
| Defendant. | : | |

## I.  INTRODUCTION

The parties have consented to the jurisdiction of the Magistrate, pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, to conduct all proceedings and enter final judgment in this case (Docket No. 13).  Pending are Plaintiff Grace Richter's ("Plaintiff") request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(a) (Docket No. 20), and Defendant's Response (Docket No. 21).  For the reasons set forth below, the Magistrate grants Plaintiff's Motion for Attorney's Fees.

## II. PROCEDURAL BACKGROUND

On November 7, 2006, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, alleging a period of disability beginning March

10, 2004 (Docket No. 12, pp. 72-77 of 838). Plaintiff's claim was denied initially on February 21, 2007 (Docket No. 12, pp. 43-45 of 838), and upon reconsideration on July 5, 2007 (Docket No. 12, pp. 48-50 of 838). Plaintiff thereafter filed a timely written request for a hearing on August 21, 2007 (Docket No. 12, p. 53 of 838). On July 16, 2009, Plaintiff filed an application for Supplemental Security Income ("SSI") alleging a disability onset date of March 10, 2004 (Docket No. 12, p. 617 of 838).

On July 16, 2009, Plaintiff appeared with counsel for a hearing before Administrative Law Judge ("ALJ") Cheryl M. Rini (Docket No. 12, pp. 617; 799 of 838). Also appearing at the hearing was an impartial Vocational Expert ("VE") Brett Salkin (Docket No. 12, p. 799 of 838). ALJ Rini found Plaintiff to have the severe impairments of Fibromyalgia, Major Depressive Disorder, Mild Degenerative Disc and Joint Disease of the Cervical Spine, Post-Traumatic Stress Disorder, and Personality Disorder, Not Otherwise Specified, with an onset date of March 10, 2004 (Docket No. 12, p. 619 of 838). ALJ Rini determined that Plaintiff was not disabled with respect to Plaintiff's application for DIB, but was disabled based on her application for SSI beginning July 16, 2009 (Docket No. 12, p. 626 of 838).

On December 22, 2009, Plaintiff requested Appeals Council review, arguing that the Agency should approve an earlier onset date of disability (Docket No. 12, pp. 631-634 of 838). On July 24, 2012, the Appeals Council issued an Order vacating ALJ Rini's decision and remanding this case to a new ALJ (Docket No. 12, pp. 635-640 of 838). On remand from the Appeals Council, ALJ Charles Shinn held a hearing on December 6, 2012, at which Plaintiff, represented by counsel Michelle DeBaltzo, and VE Kevin Yee appeared and testified (Docket No. 12, p. 762 of 838). On January 16, 2013, ALJ Shinn found Plaintiff to have the severe impairments of Fibromyalgia, Depression, Degenerative Disc Disease, Degenerative Joint Disease of the cervical spine, Personality Disorder, and Post-Traumatic Stress Disorder ("PTSD") (Docket No. 12, p. 23 of 838). Despite these limitations, ALJ Shinn determined, based on all the evidence presented, that Plaintiff had

not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of his decision (Docket No. 12, p. 32 of 838). On November 15, 2013, the Appeals Council denied Plaintiff's request for review, rendering ALJ Shinn's decision a final decision of the Commissioner (Docket No. 12, pp. 9-13 of 838).

Plaintiff timely filed a Complaint in the Northern District of Ohio, Eastern Division, seeking judicial review of the Commissioner's decision denying benefits (Docket No. 1). On May 24, 2014, Plaintiff filed its Brief on the Merits (Docket No. 16), and Defendant filed its Brief on the Merits on June 20, 2014 (Docket No. 17). On July 1, 2014, the parties filed a Joint Stipulation For Remand Under Sentence Four of 42 U.S.C. § 405(g), jointly moving this Court to enter judgment in favor of Plaintiff, remanding the case back for a new hearing to re-evaluate Plaintiff's obesity, mental impairments and to fully evaluate the opinions of treating and consulting physicians (Docket No. 18). On July 3, 2014, the undersigned Magistrate granted the parties' stipulation (Docket No. 19).

On September 30, 2014, the Plaintiff filed a Motion for Attorney Fees Pursuant to EAJA (Docket No. 20). Defendant filed its Response on October 14, 2014, in which the Commissioner offered no objection to the Plaintiff's motion (Docket No. 21).

### III. EAJA STANDARD FOR AWARDING FEES

A judgment for costs may be awarded to a prevailing party in any civil action brought by or against the United States, or any agency thereof. 28 U.S.C. § 2412(a)(1) (West 2014). Such costs may include various court and filing fees. 28 U.S.C. § 2412(a)(1)-(2) (West 2014). A prevailing party may also be eligible to receive the "reasonable fees and expenses of attorneys." 28 U.S.C. § 2412(b) (West 2014). The United States, or any agency or official thereof, shall be liable for such expenses and fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for

such an award." *Id.*

Within thirty days of a final judgment, a party seeking an award of fees and expenses shall submit to the court an application for such fees and expenses that shows satisfaction of four requirements: (1) the party is a prevailing party; (2) the party is eligible to receive an award under 28 U.S.C. § 2412(b); (3) the position of the United States was not substantially justified; and (4) an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which other expenses were computed. 28 U.S.C. § 2412(d)(1)(B) (West 2014).

## IV. ANALYSIS

Plaintiff contends (1) she is a prevailing party; (2) she is eligible to receive EAJA fees; (3) the position of the government in denying her social security benefits was not substantially justified; and (4) the record has been properly supplemented with the basis for attorney fees at a rate greater than $125 per hour (Docket No. 20). Plaintiff seeks an award totaling $3,604.61 (Docket No. 20). Defendant does not object to the Plaintiff's Motion for Fees under the EAJA(Docket No. 21).

### A. THE PREVAILING PARTY

Plaintiff contends she is a prevailing party for purposes of the EAJA requirements because she succeeded in obtaining a Joint Stipulation and Remand vacating the decision of the Commissioner pursuant to sentence four of 42 U.S.C. 405(g) (Docket No. 20, p. 2 of 9). Plaintiff is correct (Docket No. 19). "A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA." *Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008)(citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)). Defendant does not dispute Plaintiff's prevailing party status (Docket No. 21).

B.  **ELIGIBILITY FOR AN AWARD**

Under the second requirement, the moving party must show its eligibility to receive the award of attorney fees and/or expenses. The statute defines "eligible party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B) (West 2014). Plaintiff asserts that she is an individual whose net worth did not exceed $2,000,000 at the time this civil action was filed (Docket No. 20). Based on the record, Plaintiff last worked in 2004 for Covenant Transport, Inc. and earned approximately $6,321.42 (Docket No. 12, p. 82 of 838). Given these circumstances, it is improbable that Plaintiff's net worth exceeded $2,000,000 at the time of filing. Defendant does not contest the issue of Plaintiff's net worth (Docket No. 21).

C.  **SUBSTANTIAL JUSTIFICATION**

What determines "substantial justification" is based on a wide variety of factual contexts and legal issues. Essentially, the standard is one of reasonableness, making the pertinent inquiry whether the United States presented a reasonable position based in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of establishing that the position of the United States is substantially justified. *Olive*, 534 F.Supp.2d at 758. "The government's position is substantially justified if it is 'justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (*quoting Pierce*, 487 U.S. at 565). The government may, in the alternative, also attempt to prove that "special circumstances make an award unjust." *Olive* 534 F.Supp.2d at 758. Attorney fees should not be awarded simply because the government lost the case on the merits. *Id.* (citing *Brouwers v. Bowen*, 823 F.3d 273, 275 (8th Cir. 1987)). A court must be careful to maintain the distinction between a lack of substantial evidence, which results in a remand to the Commissioner, and a lack of substantial justification, which results in an award of attorney fees. *Olive*, 534 F.Supp.2d at 758. The government's position "'can be justified even though it is

not correct.'" *Id.* at 759 (*quoting Pierce*, 487 U.S. at 566 n.2).

Plaintiff alleges Defendant was not substantially justified in its denial of benefits (Docket No. 20, p. 3 of 9). Specifically, Plaintiff notes that it successfully argued that the Commissioner's decision should be reversed because the ALJ erred in evaluating the opinions in the record, and rendering his residual functional capacity (RFC) finding that was unsupported by substantial evidence. Furthermore, Plaintiff notes that the ALJ failed: (1) to adequately analyze Plaintiff's mental impairments under listing 12.07 and; (2) to provide sufficient explanation for why he rejected portions of the treating and examining physicians' medical opinions, resulting in the Joint Proposed Stipulation for Remand in this case (Docket No. 20, pp. 4-5 of 9). Defendant does not object to Plaintiff's argument (Docket No. 21).

Therefore, the Magistrate finds the Commissioner's findings and conclusions were not substantially justified, thereby enabling Plaintiff to seek an award of attorney fees.

### D. THE BASIS FOR THE AWARD

Plaintiff argues she is entitled to attorney fees totaling $3,604.61, representing 19.4 hours of work at $125 per hour, plus an allowed cost of living increase (Docket No. 20, Attachment 2). Defendant does not contest Plaintiff's fee calculation or the amount of hours worked on this case (Docket No. 21).

#### 1. COMPENSABLE HOURS

Once a court concludes attorney fees should be awarded under the EAJA, the Court must determine if the fee itself is reasonable. 28 U.S.C. § 2412(d)(2)(A) (West 2014). The burden of proof for this reasonable determination falls on the party seeking the award. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)(citing *Hensley v. Eckerhard*, 461 U.S. 424, 433 (1983)). "Counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary from the fee request." *Perry v. Comm'r of Soc. Sec.*, 2011 WL 7096614, *4 (N.D. Ohio 2011). "Hours may be cut for duplication,

padding or frivolous claims." *Id.* The court must identify those hours, beyond the allowances for duplicative services, and articulate the reasons for their elimination from hours of service adequately documented. *Id.* Under the EAJA, an award of fees for preparation of the fee application is compensable. *See Seymore v. Sec'y of Health & Human Servs.*, 738 F.Supp. 235, 239 (N.D. Ohio 1990).

Upon review of the itemized Appendix of hours filed by Plaintiff's counsel, the undersigned Magistrate finds the request for fees is adequately documented. Counsel claims to have spent nineteen (19) hours and twenty-four (24) minutes in her representation of Plaintiff (Docket No. 20, Attachment 2). Counsel made a good faith effort to be clear and succinct in her pleadings. There is neither padding nor the assertion of frivolous claims. There are no excessive, redundant, or unnecessary hours included in the schedule of services. The undersigned Magistrate, therefore, finds the compensable hours in this case to be nineteen hours and twenty-four minutes (19.4 hours).

    **2.**    **HOURLY RATES**

According to 28 U.S.C. § 2412(d)(2)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of services furnished. The EAJA bases attorneys' fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A) (West 2014). In the Sixth Circuit, it is well established that the EAJA allows for a cost-of-living adjustment based upon increases in the Consumer Price Index ("CPI"). *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). In requesting such an increase, plaintiffs "bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). To satisfy this burden, a plaintiff must "produce evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*

(*quoting Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)(internal quotation marks omitted)). A decision to apply such an adjustment is left to the discretion of the district court. *Begley*, 966 F.2d at 199.

Plaintiff's counsel seeks an enhanced hourly rate according to the cost of living increase noted in the CPI (Docket No. 20, pp. 5-6 of 9). In support of her argument, Plaintiff's counsel avers she is qualified attorney in the State of Ohio and has practiced Social Security law for approximately 30 years (Docket No. 20, Attachment 1). Counsel notes that she has been involved in a number of leadership positions in the Social Security disability field, has testified before congressional subcommittees on Social Security disability and has spoken frequently about Social Security at national and local seminars (Docket No. 20, Attachment 1). In her affidavit, Plaintiff's counsel states that her normal rate for non-contingent matters is $350 an hour (Docket No. 20, Attachment 1). For this contingent social security claim, counsel's fee agreement provides that her fee will be the lesser of $6,000 or 25% of the combined past-due benefits unless an appeal is filed with the Appeals Council or in Federal Court, at which point the client agrees to pay 25% of all past due benefits without regard to the $6,000 restriction (Docket No. 20, Attachment 8). Plaintiff also supports her request for an enhanced hourly rate by citing to *The Economics of Law Practice in Ohio*, published by the Ohio State Bar Association in 2010, which reports that the average hourly billing rate for attorneys practicing in the greater Cleveland area was $239 per hour, while the median hourly billing rate was $210 per hour (Docket No. 20, p. 6 n. 4 of 9; Docket No. 20, Attachment 5, p. 24 of 45). Plaintiff also cites to the Bureau of Labor Statistics CPI table for the Midwest through August 2014 (Docket No. 20, Attachment 4), and the affidavits of experienced Attorneys Paula Goodwin and Louise Mosher, both of whom are attorneys of comparable experience and reported receiving hourly rates in Social Security cases at or above $350 per hour (Docket No. 20, Attachments 6-7).

Based upon the evidence presented by counsel, the Magistrate is persuaded that counsel's skill level could not be obtained at the statutory level of $125 per hour and special factors warrant a fee enhancement. To

assist in determining the appropriate fee level, the undersigned Magistrate refers to the United States Department of Labor's Bureau of Labor Statistics Consumer Price Index (CPI) for all urban consumers in the Midwest urban region. The effective date of the statutory rate of $125 is March 29, 1996. The undersigned Magistrate compares the CPI from this date to the CPIs reported during the course of counsel's representation. The CPI in March 1996 was 151.7. UNITED STATES DEP'T OF LABOR, (Nov. 24, 2012, 1:16 PM), http://data.bls.gov/pdq/SurveyOutputServlet. The results are reported in the table that follows:

| Month | CPI | Increase (CPI /151.7) | Rate | Hours Worked | Amount Owed |
|---|---|---|---|---|---|
| November 2013 | 221.718 | 1.462 | $182.69 | 0.5 | $91.35 |
| December 2013 | 221.194 | 1.458 | $182.26 | 0.35 | $63.79 |
| January 2014 | 222.247 | 1.465 | $183.13 | 1.6 | $293.01 |
| March 2014 | 223.493 | 1.473 | $184.16 | 0.3 | $55.25 |
| May 2014 | 226.565 | 1.494 | $186.69 | 13.45 | $2,510.96 |
| June 2014 | 227.588 | 1.500 | $187.53 | 0.6 | $112.52 |
| July 2014 | 226.997 | 1.496 | $187.04 | 0.6 | $112.23 |
| September 2014 | 226.913 | 1.496 | $186.98 | 2 | $373.95 |
| **Total** | | | | 19.4 | $3,613.05 |

Therefore, the Magistrate finds counsel is entitled to an award of fees totaling $3,613.05.[1]

### 3. TOTAL AWARD

The Supreme Court has determined that, within the meaning of the EAJA in a Social Security benefits case, an award of attorney's fees is payable to the prevailing party, not his or her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593-94 (2010). In the present case, Plaintiff is therefore entitled to an award of attorney's fees in the amount of $3,613.05.

---

[1] In her Motion, Plaintiff requests attorney's fees totaling $3,604.61 (Docket No. 20). Plaintiff's counsel alleges that, based on the cost of living adjustment, her fees ranged between $183.07 to $185.93 per hour (Docket No. 20, p. 6 n.1 of 9). This Magistrate finds the calculations contained in this Memorandum and Order, which are based on the actual CPI during the months of counsel's representation, to be a more accurate assessment of fees owed.

## V. CONCLUSION

For the reasons set forth above, the Magistrate grants the Plaintiff's Motion for Attorney Fees, and awards fees in the amount of $3,613.05.

**IT IS SO ORDERED**

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: November 25, 2014